WILLIAM R. SWEARINGIN, Appellant, v. WIL-
LIAM A. SWEARINGIN et al.

Division Two, March 30, 1909.

**EJECTMENT: Outstanding Title.** An attempt to establish an out-
standing title upon pure hearsay that a former owner of the
land had executed a deed of trust upon a part of the land to
secure a debt which remains unpaid, where no deed of trust
was offered in evidence, and it is not shown what amount is
secured, nor when executed, nor when the debt was due, is
utterly groundless and the judgment in favor of a defendant,
based upon such evidence, in the face of a clear record title in
plaintiff, will be reversed.

Appeal from Douglas Circuit Court.—*Hon. John T.
Moore*, Judge.

REVERSED.

*Burkhead & Clarke* for appellant.

If the outstanding title would defeat plaintiff as
to part of the land it would do so as to all of it, and
if plaintiff was entitled to recover at all, he certainly
was entitled to recover all the land. From the conclu-
sion there is no escape. The finding was simply a
pandering to both sides. It is the recognized law in
this State that a mortgage of real estate is merely a
security for a debt, and so remains even after condi-
tions are broken. Until there is a sale under the mort-
gage, the mortgagor is the beneficial owner. Logan v.
Railroad, 43 Mo. App. 71. Until default in the pay-
ment of the debt or interest, or the breach of some
other condition contained in the mortgage, the mort-
gagee is not entitled to the possession. Kennedy v.
Dodson, 44 Mo. App. 552; Brown v. Hawkins, 54 Mo.
App. 75. If the mortgage debt was barred by the
Statute of Limitations, then, under Sec. 4272, R. S.
1899, Reynolds' heirs had no title and conveyed none.

GANTT, P. J.—This is an action of ejectment in statutory form, in the circuit court of Douglas county, to recover the possession of the west half of the northeast quarter and northwest quarter of southeast quarter of section 23, township 27, range 18, in Douglas county, Missouri. The defendant, Samuel Bookout, in his answer, admitted his possession of all the lands in the petition described as the tenant of McDonald Swearingin and further said not. Defendant W. A. Swearingin in his answer disclaimed ownership or possession of any of said lands. The cause was tried to the court without a jury and judgment was rendered for plaintiff for the northwest of the southeast quarter of section 23, township 27, range 18, except the northeast quarter of the said northwest quarter of the southeast quarter of said section, and judgment for the defendants as to the west half of the northeast quarter of said section 23. From the judgment in favor of defendants, the plaintiff, after unsuccessful motions for a new trial and in arrest, appealed to this court.

Part of the eighty acres in controversy was originally purchased directly from the United States and the other portion was selected and proved up as a homestead prior to 1874. By mesne conveyances the title vested in W. A. Swearingin.

On November 29, 1889, J. A. G. Reynolds conveyed the west half, northeast quarter, section 23, township 27, range 18, to William A. Swearingin in satisfaction of deeds of trust held by him thereon. The verbal testimony established that William A. Swearingin had been in possession, exercising ownership over said lands for more than twenty years; that Samuel Bookout was the son-in-law and tenant of William A. Swearingin, and was in possession of this tract at the commencement of this action. William A. Swearingin's title passed by foreclosure of deed of trust executed by him to Andrew Swearingin, and by deed of Andrew to William R. Swearingin in July,

1905. It would seem that on the trial the defendant Bookout attempted to establish an outstanding title in McDonald Swearingin, a son of William A. Swearingin.

To establish this outstanding title the defendant Bookout offered M. C. Reynolds as a witness, who testified that ''he was a son of J. A. G. Reynolds; that his father held four trust deeds against this land, together with a lot of other lands, and in a settlement of the consideration of said trust deeds, *as he understood it,* W. A. Swearingin still owed his father about one hundred dollars and his father refused to release one of the trust deeds until the one hundred dollars was settled and W. A. Swearingin has never settled the one hundred dollars to his knowledge. He and the other heirs some time ago made a quitclaim deed to the land in question to McDonald Swearingin for which he was to pay one hundred dollars.''

On cross examination, this witness stated that neither J. A. G. Reynolds nor his heirs nor any one of them ever had possession of this land, and had never paid any taxes on it. It is obvious that if plaintiff was entitled to recover any of this land, he was entitled to recover all of it. The defendant Bookout does not deny plaintiff's right to possession. He merely says he is in possession as the tenant of McDonald Swearingin.

While plaintiff of course must recover upon the strength of his own title, and not the weakness of defendant's title, when he established by one and the same evidence his title to a part of the land, it is inconceivable that the court should adjudge him title to a part and deny him title to the remainder.

The attempt to establish an outstanding title in McDonald Swearingin was utterly groundless. It was based upon pure hearsay that a deed of trust executed by W. A. Swearingin in favor of J. A. G. Reynolds was unsatisfied. No such deed of trust was offered

in evidence. It [was not shown when, if ever, it was executed, nor what amount it secured, nor when the debt was due. The witness did not pretend to know whether any part of the debts once owed by William A. Swearingin to J. A. G. Reynolds remained unpaid.

J. A. G. Reynolds was never in possession of the land, nor were his heirs. Obviously as far as the record shows, J. A. G. Reynolds had no title which he or his heirs could convey to McDonald Swearingin. In the face of the quitclaim acknowledging full satisfaction of the only deeds of trust which were shown to have existed, this very flimsy, hearsay testimony amounted to no substantial evidence of an outstanding title in McDonald Swearingin. But, as already said, if it was good enough to defeat plaintiff's recovery of a part of the land, it was good as to all.

The judgment was inconsistent and illogical and in the face of the title as shown by the various deeds in evidence, and it is accordingly reversed as to that part which gave judgment for defendant.

*Burgess* and *Fox, JJ.*, concur.